**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-1040-RBJ

LEACHMAN CATTLE OF COLORADO,
LLC, a Colorado Limited Liability Company,
And VERIFIED BEEF, LLC, a Montana
Limited Liability Company,

      Plaintiffs,

v.

AMERICAN SIMMENTAL ASSOCIATION,
a Montana Association, WADE R. SHAFER,
individually, WILL TOWNSEND,
 Individually,

      Defendants.

---

**MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE**

---

Plaintiffs Leachman Cattle of Colorado, LLC ("LCOC"), and Verified Beef, LLC ("Verified Beef") (collectively, "Plaintiffs") sued the American Simmental Association ("ASA"), ASA Executive Vice President Wade R. Shafer, and ASA Director of Industry and Commercial Operations Will Townsend.  Though ASA has offered cattle breeders tools for determining the relative market value of a group of animals since the mid-2000's, Plaintiffs claim that ASA is in violation of a patent applied for and issued to Plaintiffs in 2013 and a Confidentiality and Non-Disclosure Agreement executed on May 10, 2013. Defendants move to dismiss Plaintiffs' complaint for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and (3).  Alternatively, Defendants move for transfer of venue to the

District of Montana pursuant to the venue selection clause in the ASA Bylaws which is binding on LCOC as an ASA member.  In support of this motion, Defendants state:

## FACTS

LCOC is a Colorado LLC with its principal place of business in Wellington, Colorado. (Plaintiffs' Compl. and Req. for Prelim. Inj., Dkt. 1 (hereinafter "Compl."), ¶ 1.)  Verified Beef is a Montana LLC with its principal place of business in Bozeman, Montana.  (Id. at ¶ 2.) Verified Beef is the exclusive licensee of the patent at issue in this litigation. (Id. at ¶ 21.) ASA is a Montana non-profit corporation with its principal place of business in Bozeman, Montana. (Declaration of Wade Shafer, ¶ 6 (hereinafter "Shafer Decl."))  LCOC is a member of ASA and, as such, is bound by ASA's Bylaws.  (Shafer Decl., ¶¶ 4-5.)  Defendants Shafer and Townsend are both individuals who are employed by ASA and reside in Montana.  (Shafer Decl., ¶¶ 1, 10; Declaration of Will Townsend, ¶¶ 1-2 (hereinafter "Townsend Decl."))

## II.    Procedural History

On April 11, 2014, Plaintiffs filed a complaint and request for preliminary injunction. (Compl., Dkt. 1.)  Plaintiffs assert six causes of action against each Defendant: (1) fraudulent inducement to enter into a Confidentiality Agreement; (2) breach of the Confidentiality Agreement; (3) misappropriations of Plaintiffs' unspecified trade secrets; (4) intentional interference with prospective business relations; (5) false advertising in violation of the Lanham Act; and (6) patent infringement.  (Id. at ¶¶ 34-73.)  All claims involve the technology and patent exclusively licensed to Verified Beef or the Confidentiality Agreement entered into between Verified Beef and ASA.  (Id. at ¶¶ 9-33.)  Plaintiffs' allege that Defendants improperly shared

Plaintiffs' purported "proprietary information" with others and infringed the patent licensed to Verified Beef.  (Id. at ¶¶ 34-73.)

## III.      Defendants' Contacts with the State of Colorado

ASA is a Montana nonprofit corporation with a principal place of business in Bozeman, Montana. (Shafer Decl., ¶ 6.) Though the ASA has, on occasion, held board meetings and its annual membership meeting in conjunction with the National Western Stock Show which is held in Denver, Colorado, the ASA is not a Colorado entity, does not have an office in Colorado, and does not own property in Colorado.  (Id. at ¶¶ 6- 8.) ASA has 3,870 members throughout the United States of which less than 60 are located in Colorado.  (Shafer Decl., ¶ 3.)

Plaintiffs allege that Defendants improperly used Plaintiffs' proprietary information learned during a series of meetings between Plaintiffs and Defendants.  (Complaint, Filing No. 1, at CM/ECF ¶¶ 11, 13, 16.) The first meeting occurred in March, 2013, in Bozeman, Montana, between ASA and Verified Beef representatives. (Shafer Decl., ¶ 13.) The second meeting was a telephone conference on April 12, 2013, ASA employee Townsend was physically in Oregon during the phone call and the other participants were in Montana. (Townsend Decl., ¶ 5.) The third meeting occurred on May 10, 2013, at Verified Beef's office in Montana with LCOC joining the meeting by videoconference. (Id. at ¶ 7; Shafer Decl., ¶ 14.) Prior to the start of the third meeting, Verified Beef and ASA executed a Confidentiality and Non-Disclosure Agreement. (Id.) The agreement was executed in Montana. (Id.) The fourth meeting occurred in Bozeman, Montana, on June 7, 2013. (Shafer Decl., ¶ 16.) The final contact occurred on April 3, 2014, when Lee Leachman of LCOC called Wade Shafer in Bozeman, Montana to discuss

LCOC's concern that ASA had infringed the patent that LCOC licensed to Montana limited liability company Verified Beef. (Shafer Decl., ¶ 17.)

## ARGUMENT

### I.      Defendants are not Subject to Personal Jurisdiction in the State of Colorado.

A federal district court may only exercise personal jurisdiction over a defendant if: (1) the defendant "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located," and (2) the exercise of personal jurisdiction "does not offend the due process clause of the Fourteenth Amendment." *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002). Because Colorado's 'long-arm' statute has been interpreted to confer the maximum jurisdiction permitted by constitutional due process, the jurisdictional analysis collapses into a single inquiry as to whether the exercise of personal jurisdiction comports with due process. *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1253 (D. Colo. 2000).

To satisfy due process in the case of a non-resident defendant, the defendant must have minimum contacts with the state such that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. *Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001). The minimum contacts standard may be satisfied in either of two ways— general or specific jurisdiction. *See Kuenzel v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996.) "Specific or case-linked jurisdiction depends on an affiliation between the forum and the underlying controversy (*i.e,* an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 n.6 (2014) (internal citations omitted). "This is in contrast to general or all

purpose jurisdiction, which permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (*e.g.*, domicile)". *Id.*

### A.    Defendants are not Subject to General Jurisdiction.

Because the ASA, Shafer and Townsend have no significant contacts with Colorado, this Court does not have general jurisdiction over any of the Defendants.  In 2014, the United States Supreme Court fundamentally revised the general jurisdiction inquiry for corporations from "whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic," to "whether that corporation's affiliations with the State are *so* continuous and systematic as to render [it] ***essentially at home*** in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (emphasis added); *accord Shrader v. A1 Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011) (explaining that "the commercial contacts here must be of a sort that approximate physical presence in the state").

As explained in *Daimer*, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place . . . . [such as] the place of incorporation and principal place of business." *Id.* at 760.  It is improper to assert general jurisdiction over a corporation in every "State in which [that corporation] 'engages in a substantial, continuous, and systematic course of business.'" *Id.* at 760.

General jurisdiction is lacking over all Defendants. In the case of Shafer and Townsend, they are not residents of Colorado, are not employed in Colorado, and do not own real property in the State, so there is no basis for the Court to assert general jurisdiction over these parties. General jurisdiction is also lacking over the ASA, a Montana non-profit corporation with its principal place of business in Montana.  ASA does not have an office nor own property in

Colorado.  The ASA's occasional membership meetings in Colorado and relatively small number of members within the state are not substantial enough to confer general jurisdiction.  *See Nat'l Athletic Trainers' Assoc., Inc. v. Am. Physical Therapy Assoc.*, No. 3:08-CV-0158-G, 2007 WL 414022, at *11 (N.D. Tex. Sept. 9, 2008) (finding that visits by the organization's board members, internet sales; over 700 active, dues-paying members in the forum, the award of grants to residents of the forum state insufficient to establish general jurisdiction); *Nat'l Numismatic Cert., LLC v. EBay, Inc.*, No. 6:08-cv-42-Orl-19, 2008 WL 2704404, at **10-11 (M.D. Fla. 2008) (finding no general jurisdiction over an organization even though, among other contacts, the organization held its annual membership meeting in the forum, and forum residents accessed the organization's website).

    **B.**    **Defendants are not Subject to Specific Jurisdiction**

        **1.**    **Defendants are not Subject to Specific Jurisdiction in the State of Colorado.**

"Specific jurisdiction may be exercised where the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *Kuenzle*, 102 F.3d at 456 (citation omitted).  "For a State to exercise jurisdiction consistent with due process, the <u>defendant's</u> <u>suit-related</u> <u>conduct</u> must create a substantial connection with the forum State." *Walden*, 134 S. Ct. at 1121 (emphasis added).

The "specific jurisdiction inquiry is two-fold." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  First, the Court "must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI*, 149 F.3d 1091.  "Second, if the defendant's actions create

sufficient minimum contacts, [the Court] must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987).) In this case, both inquires show exercise of personal jurisdiction over the Defendants would violate due process.

> **a.      Defendants Have Not Purposefully Availed Themselves of the Privilege of Conducting Business in Colorado.**

Purposeful availment requires actions by the Defendant which "create a substantial connection with the forum state." *OMI*, 149 F.3d at 1091.  Plaintiffs Complaint does not allege with any specificity actions by the Defendants that related to or were directed toward Colorado. The meetings between the parties took place in Montana in March, 2013, April 12, 2013, May 10, 2013, and June 7, 2013.  Although LCOC participated in the May 10, 2013, meeting by video conference, the rest of the participants were in Montana. The Confidentiality Agreement was executed in Montana by Montana residents on behalf of Montana entities. There is simply no significant contact with Colorado.    Other than LCOC's connection with Colorado, there is nothing about the Defendants' contacts with the Plaintiffs that establishes a substantial connection between the Defendants and the State of Colorado.  *Cf. Ruggieri v. General Well Serv., Inc.*, 535 F. Supp. 525, 535 (D. Colo. 1982) ("Jurisdiction is not proper in Colorado merely because one of the parties to the contract [is] a Colorado resident."); *see also Walden*, 134 S. Ct. at 1122 ("[H]owever significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.")

In *Automated Quill, Inc. v. Chernow*, 455 F. Supp. 428 (D. Colo. 1978), the parties entered into a license agreement regarding use of certain computer programs. *Id*. at 429. A Colorado plaintiff brought suit in Colorado, alleging breach of the license agreement. *Id*. The defendants, a Florida corporation and three citizens of the State of Florida, moved to dismiss, averring that the subject agreement was executed in Florida, none of the defendants transacted business in the State of Colorado, and none of the defendants entered Colorado during the negotiation of the agreement. *Id*. The Court granted defendants' motion to dismiss, stating that "[i]t is only too evident that defendants have not personally availed themselves of the privilege of conducting business in Colorado." *Id*. at 432. *See also Nat'l Brokers*, 115 F. Supp. 2d at 1254-55 (finding no personal jurisdiction over the defendants, despite the defendants entering into two agreements with a Colorado plaintiff and initiating telephone and facsimile communications with the plaintiff relating to the agreements).

The rationale in *Automated Quill* applies with even greater force to the facts of this case. Like the defendants in *Automated Quill* and *National Business Brokers*, none of the Defendants came to Colorado for any of the meetings with the Plaintiffs or as part of the negotiations of any agreement. Instead, the meetings were held in Montana and the Confidentiality Agreement was executed in Montana, exclusively by Montana residents. Though LCOC, a Colorado resident, participated in one meeting by videoconference and placed a call to the ASA in Montana, LCOC is not a party to the Confidentiality Agreement and is obligated to file suit against the ASA in Montana pursuant to the ASA's Bylaws.

**b.     Personal Jurisdiction Over Defendants Would Offend Traditional Notions of Fair Play and Substantial Justice.**

Aside from the Defendants' lack of sufficient contacts with Colorado, the exercise of personal jurisdiction over the Defendants would be unreasonable and violate "fair play and substantial justice." When engaging in this analysis, courts generally consider: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies. *Asahi*, 480 U.S. at 113.

First, "[w]hile not dispositive, the burden on the defendant of litigating the case in a foreign forum is a significant concern in determining the reasonableness of personal jurisdiction." *Encore Prods., Inc. v. Promise Keepers*, 53 F.Supp.2d 1101, 1118 (D. Colo. 1999). This factor serves to prevent filing of claims in a distant forum where the burden of appearing is onerous. See Id.; OMI, 149 F.3d at 1096. Here, the ASA, Shafer, Townsend and Verified Beef are all Montana residents. The only party with any ties to Colorado, LCOC, is subject to the Montana venue provision in the ASA's Bylaws. The agreement allegedly breached was executed in Montana between Montana entities. The meetings at which the allegedly confidential information was learned occurred in Montana. At this stage of the proceedings, it appears that all witnesses and evidence would be located in Montana. By contrast, it will not be inconvenient to the Plaintiffs or prevent them from obtaining effective relief if they litigate there claims in Montana. One plaintiff is a Montana entity and the other has previously agreed to a venue requirement that claims against the ASA be brought in Montana.

Finally, Colorado has little to no interest in resolving this dispute.  This litigation is primarily between Montana residents and the state law claims asserted by Plaintiffs are likely governed by Montana law. Plaintiffs further admit the LCOC, the only party with ties to Colorado, has exclusively assigned its patent to Verified Beef, a Montana limited liability company. All Plaintiffs' claims can be adjudicated in Montana because that Court has jurisdiction over all Defendants and is a proper venue for all claims.  The interests of the judicial system favor this Court not exercising personal jurisdiction.  *See OMI Holdings*, 149 F.3d at 1097  (explaining key factors are the locations of the witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation).

## II.    The District of Colorado is not a Proper Venue for this Case.

### A.    Colorado is an Improper Venue for the Patent Infringement Claim

Under 28 U.S.C. § 1400(b), which governs patent infringement, "venue … is proper <u>only</u> in 'any judicial district where the defendant resides' or alternatively, 'where the defendant has committed acts of infringement <u>and</u> has a regular and established place of business.'" *Competitive Tech., Inc. v. Carolina Liquid Chemistries Corp*., CIVA05CV01678, 2006 WL 898131, at *7 (D. Colo. April 4, 2006) (emphasis added); *accord Ruth v. Eagle-Picher Co*., 225 F.2d 572, ___ (10th Cir. 1955).  For purposes of the venue statute, a corporation "'resides' in any judicial district in which it is subject to personal jurisdiction." *Id.; see also* 28 U.S.C. § 1391(c) (2) ("For all venue purposes . . . an entity . . . , shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with

respect to the civil action in question.")  For a natural person, a defendant is "deemed to reside in the judicial district court in which that person is domiciled."  28 U.S.C. § 1391(c)(1).

Colorado is an improper forum for the patent infringement claims against all Defendants. As discussed above, the Court lacks personal jurisdiction over ASA and the individual defendants.   None of the Defendants reside in Colorado, own property in Colorado or have any type of systematic contacts with Colorado. Therefore, under 20 U.S.C. § 1400(b), venue is improper in Colorado on Plaintiff's patent infringement claim.

### B.     Colorado is an Improper Venue for the Non-Patent Infringement Claims

The remainder of the claims are governed by the general venue provision in 28 U.S.C. § 1391(b).  Under § 1391(b), venue is proper only if the court finds "a substantial part of the events or omissions giving rise to the claim occurred" in Colorado.  As discussed above, all of the factual underpinnings relating to Plaintiffs' claims occurred outside Colorado.  Thus, the Court must dismiss this action or transfer the action to Montana.  See 28 U.S.C. § 1406(a).

### III.   The Court Should Exercise its Discretion to Transfer the Case to Montana.

Even if the Court chooses not to dismiss Plaintiffs' claims based on personal jurisdiction, the Court should exercise its discretion to transfer this case to the District of Montana.  Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer and civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case

consideration of convenience and fairness." *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991).

When ruling on a motion to transfer under § 1404(a), a court should consider (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious, and economical. Id.

Although a plaintiff's choice of forum is entitled to some weight, courts give greater weight to the location of the operative facts of the litigation. "When the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference." *Ricoh Co., LTD v. Honeywell, Inc.,* 817 F.Supp. 473, 481 (D.N.J. 1993); *accord Anadigics, Inc. v. Raytheon Co.*, 903 F.Supp. 615, 617 (S.D.N.Y. 1995). Plaintiffs' choice of forum is entitled to little deference in this case because, as discussed above, the central facts of this lawsuit occurred outside the State of Colorado. At its core, this is a case about a patent licensed to a Montana LLC and a Confidentiality Agreement between Montana residents, where the negotiation and execution were performed in Montana. The only party in this lawsuit not from Montana, LCOC, was not a party to the Confidentiality Agreement, has exclusively assigned its patent rights to a Montana entity, and has agreed to bring actions against ASA in Montana.

Moreover, the majority of the potential witnesses reside in Montana, most of the evidence is in Montana, and Montana substantive law will govern most of the issues.  Also, the litigation of this dispute would become more efficient and practical in Montana because at least some of the claims against some of the Defendants are not proper before this Court.  Transfer to the District of Montana, which has personal jurisdiction of all Defendants and where venue is proper on all claims, would avoid piecemeal litigation.  For these reasons, Montana is clearly a more appropriate forum than Colorado.  The Court should therefore transfer this action to the District of Montana.

## **CONCLUSION**

For the foregoing reasons, the Defendants respectfully pray that the Court grant, in full or in part, their Motion to Dismiss the Plaintiffs' Complaint, or, in the alternative, transfer this case to the District of Montana.

Respectfully submitted this 19th day of May 2014.

*s/ Gene Summerlin*

HUSCH BLACKWELL LLP
Gene Summerlin – 19611 (Neb)
Michael Annis – 47374 (Mo)
610 J Street, Suite 200
Lincoln, NE 68508
(402) 434 8040- Telephone
(402) 434-8044 – Facsimile
gene.summerlin@huschblackwell.com
mike.annis@huschblackwell.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2014, I filed a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE** with the Clerk of the Court via CM/ECF, which will send an email notification to the following:

Timothy Atkinson
Mark Lacis
IRELAND STAPLETON PRYOR & PASCOE, PC
717 17th St., Suite 2800
Denver, CO 80202

_s/  Gene Summerlin_
for HUSCH BLACKWELL LLP